*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. R. BROOME, Minor.

UNPUBLISHED
February 12, 2026
1:45 PM

No. 374685
Wayne Circuit Court
Family Division
LC No. 2020-000089-NA

*In re* BROOME, Minors.

No. 374687
Wayne Circuit Court
Family Division
LC No. 2024-000372-NA

Before: CAMERON, P.J., and M. J. KELLY and YOUNG, JJ.

PER CURIAM.

In these consolidated appeals,[1] respondent appeals as of right the orders terminating his parental rights to his minor children AB, EB, and MB under MCL 712A.19b(3)(b)(*i*), (j), and (k)(*ii*). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

In 2024, petitioner, Department of Health and Human Services (DHHS), filed petitions asking the court to exercise jurisdiction over respondent's children and to terminate his parental

---

[1] *In re Broome*, unpublished order of the Court of Appeals, entered March 13, 2025 (Docket Nos. 374685 and 374687).

-1-

rights to them at the initial disposition. The petition alleged that respondent had sexually assaulted EB and MB's half-sister, SG, and that the assault had included penetration.

SG testified at the combined adjudication trial/termination hearing. She stated that on October 10, 2023, she had stayed home from school because she was sick. When she was watching TV in her sister's room, respondent came in and told her that he was going to take a shower. SG testified that she fell asleep. When she awoke, her pajamas had been taken off, respondent was on top of her. He was naked and his penis was insider her vagina. SG also felt pain in her "butt." SG screamed at respondent, ran to the phone to call her mother, got dressed, and fled to a neighbor's house. When her mother arrived, SG was taken to the hospital for a "rape kit examination." The exam revealed abrasions on SG's vagina and anus, including two "pink red" tears to her "anal folds" and a "pink white abrasion to [her] fossa navicularis." Although respondent denied the allegations, the trial court found that respondent had sexually assaulted SG. Based upon that finding, the court determined that there were statutory grounds to exercise jurisdiction and to establish statutory grounds for termination.

The court heard additional testimony at the best-interests hearing. A caseworker testified that respondent had failed to comply with his court-ordered visitations. In total, respondent participated in four visits with EB and MB. Respondent's supervised visits with AB were discontinued after he threatened and yelled at staff and used vulgar language in front of other small children. Respondent also failed to participate in individual therapy or parenting classes and did not complete a psychological evaluation.

Although respondent failed to appear at the best-interests hearing, the court continued the matter in order to hear his testimony. At that hearing, respondent testified that he shared a close bond with his children and that he missed them. He stated that he always provided for them, including maintaining their insurance, taking them to daycare, and attending doctor's visits. Following the hearing, the court found that termination of respondent's parental rights was in the children's best interests. This appeal follows.

## II. BEST INTERESTS

### A. STANDARD OF REVIEW

Respondent argues that the trial court erred by finding that termination of his parental rights was in his children's best interests. "We review for clear error the trial court's determination regarding the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "The trial court's factual findings are clearly erroneous if the evidence supports them, but we are definitely and firmly convinced that it made a mistake." *Id*. at 709-710.

### B. ANALYSIS

"A court may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing

-2-

evidence." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012).[2] "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *Id*. A best-interest hearing focuses on the child's interests, not the respondent-parent. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). "In assessing whether termination of parental rights is in a child's best interests, the trial court should weigh all evidence available to it." *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 63; 874 NW2d 205 (2015). The trial court "may consider such factors as the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id*. Other factors include the parent's history of visitation with the child and that parent's compliance with services. *In re White*, 303 Mich App at 714.

Respondent argues that the trial court clearly erred in finding that termination of his parental rights was in his children's best interests because he shared a bond with them, provided for their needs, and posed no threat to their well-being. Yet, the court considered respondent's bond with the children, finding that respondent's testimony regarding it was "sincere and truthful." The court, however, also found that the bond did not outweigh the other best-interest factors. Here, the record reflects that respondent failed to consistently participate in court-ordered visitations. When he did participate, he used vulgar language around other young children and threatened staff. These actions reflect negatively on respondent's parenting abilities and favor termination. Additionally, respondent failed to participate in individual therapy, parenting classes, or undergo a required psychological evaluation. Respondent's refusal or inability to complete these services indicates an unwillingness to take the steps necessary to ensure his children are adequately cared for.

Furthermore, the trial court found that respondent posed a risk to his children's well-being because he sexually assaulted SG, which outweighed any evidence that might have favored preserving his parental rights. Respondent asserts that the trial court clearly erred by relying on SG's testimony because it did not show that his children were at risk of sexual abuse. However, "[t]he doctrine of anticipatory neglect allows an inference that a parent's treatment of one child is *probative* of how that parent may treat other children." *In re Kellogg*, 331 Mich App 249, 259; 952 NW2d 544 (2020). Thus, the mere fact that respondent had not sexually assaulted his three daughters is not dispositive as to whether they were at risk of sexual assault in the future. In light of respondent's sexual assault—which included penetration of SG—the court did not clearly err by finding that there was a risk of harm to the children.

Lastly, we disagree with the lawyer-guardian ad litem's (L-GAL) argument that the trial court failed to explicitly consider the children's placement with relatives in its best-interest analysis, thereby requiring us to remand the case. We previously held that "[a] trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *In re Olive/Metts Minors*, 297 Mich App at 43. However, "[t]he trial court's findings

---

[2] Respondent does not challenge the trial court's finding that there were statutory grounds to terminate his parental rights.

need not be extensive; [b]rief, definite, and pertinent findings and conclusions on contested matters are sufficient." *In re MJC*, 349 Mich App 42, 62; 27 NW3d 122 (2023) (quotation marks and citation omitted). Here, the trial court held in its written order that termination of respondent's parental rights was appropriate even though the children were placed with relatives. This finding does not apply to AB, who was placed with her mother. See *In re Mota, Minors*, 334 Mich App 300, 322; 964 NW2d 881 (2020) (stating that a child's biological mother is not a "relative" for purposes of MCL 712A.19a). It does, however, apply to EB and MB, who were placed with a maternal cousin. Because the court expressly considered the relative placement, a remand for additional findings related to the placement is not required. Further, given that the testimony established that the children were doing well in their placements, the court did not clearly err by weighing their placement in favor of a finding that termination of respondent's parental rights was in the children's best interests.

Based upon the foregoing, we conclude that the trial court did not clearly err by finding that termination of respondent's parental rights was in the best interests of his children.

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Adrienne N. Young